UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD RAY TIMMONS                                        PETITIONER

VERSUS                              CIVIL ACTION NO. 3:13CV949-HSO-RHW

CHRISTOPHER EPPS et al                                    RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Richard Ray Timmons filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on December 27, 2011.  Doc. [1].  Timmons is serving a prison term following a jury trial and conviction in the Circuit Court of Lauderdale County, Mississippi on one count of statutory rape. On April 15, 2008, the trial court sentenced Timmons to a 20-year prison term, with 10 years suspended and five years post-release supervision.  The Mississippi Court of appeals affirmed Timmons' conviction and sentence on direct appeal. *Timmons v. State of Mississippi*, 44 So.3d 1021 (Miss. Ct. App. 2010).  The Mississippi Supreme Court denied his petition for writ of certiorari.  *See id.*  Timmons then filed the instant federal habeas petition but did so prior to filing a petition for post-conviction collateral relief in state court.  In fact Timmons admitted in his federal habeas petition that he had not yet filed a state petition for post-conviction collateral relief.  *See* doc. [1] at 2; *see also* doc [7].

Respondents filed a motion to dismiss the § 2254 petition based on Timmons' failure to exhaust his claims in state court.  Doc. [4].  In his objections to the United States Magistrate Judge's Report and Recommendation, Timmons requested that the Court dismiss the unexhausted claims and allow the petition to go forth on those issues that were raised on direct appeal before the Mississippi Court of Appeals.  Doc. [11].  In an order dated August 12, 2012, the Court granted Respondents' motion to dismiss in part, but permitted Timmons to proceed on

theories properly exhausted in state court.  Doc. [13].  Specifically, the Court found that Timmons properly exhausted those claims which he presented on direct appeal:  (1) whether the trial judge erred in sustaining the State's objection to the relevancy of certain cross-examination; (2) whether the trial judge's ruling constituted a violation of the Confrontation Clause; and (3) whether the verdict is against the overwhelming weight of the evidence.  *Id.* at 3-4.

Respondents then filed a motion to dismiss Timmons' weight-of-the-evidence claim arguing that the claim is not proper for federal habeas review.  Doc. [14].  Timmons responded that his argument on direct appeal constituted a sufficiency-of-the-evidence claim.  In an order dated March 28, 2013, the Court denied without prejudice Respondents' motion to dismiss.  Doc. [20].  In sum the Court concluded that Timmons direct appeal challenged only the weight of the evidence, not the sufficiency of the evidence.  Hence the weight-of-the-evidence claim has been exhausted;  however, the Court concluded that it is unclear whether weight-of-the-evidence challenges are cognizable on federal habeas review.  *Id.*  The Court denied the motion to dismiss without prejudice to the Respondents' right to present case law on this issue.  *Id.*

Accordingly, as explained by the Court's August 12, 2012, order, only three claims from Timmons' original petition remain for the undersigned's consideration:  (1) whether the trial judge erred in sustaining the State's objection to the relevancy of certain cross-examination; (2) whether the trial judge's ruling constituted a violation of the Confrontation Clause; and (3) whether the verdict is against the overwhelming weight of the evidence.  Doc. [13].  Respondents filed their response to these claims on April 11, 2013.  Timmons did not file a rebuttal.

**Standard of Review**

This Court must consider Timmons' claims in light of the provisions of the Antiterrorism

and Effective Death Penalty Act (AEDPA).

28 U.S.C. § 2254 (d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal habeas courts review claims addressing questions of law or mixed questions of law and fact that were adjudicated on the merits in state court only when subsection (d)(1) applies. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). Thus, a state court decision on the merits of a mixed question of law and fact will be reviewed only upon a showing that the decision was contrary to federal law or involved unreasonable application of federal law. A state court decision is contrary to federal law when it is opposite to a United States Supreme Court decision and when it is at variance with a Supreme Court decision upon "materially indistinguishable facts." *See Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves unreasonable application of federal law when the state court properly identifies the applicable federal principle but applies it in an objectively unreasonable manner. *Id*. at 409. Federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

3

### (1) Limitations on Cross-Examination

Timmons argues that the trial court erred when it limited his ability to cross-examine the alleged victim of the crime.  Specifically, the trial court prohibited Timmons from questioning the victim about past statements she made to investigators that Timmons may have had sexual encounters with other teenagers.  "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair."  *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999).  When reviewing state court evidentiary rulings, a federal habeas court is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness under the Due Process Clause.  *Castillo v. Johnson*, 141 F.3d 218, 224 (5th Cir. 1998).

The Court of Appeals considered Timmons' claim and concluded that the trial judge did not abuse his discretion when he prohibited Timmons from cross-examining the victim about statements of Timmons' possible sexual encounters with other teenage girls.  *See Timmons*, 44 So.3d at 1024-26.  The Court of Appeals concluded that the victim had insufficient personal knowledge about other encounters, and that her statement was too speculative to be deemed relevant for impeachment purposes.  *Id.* at 1026.  Moreover, the court concluded that what the victim may have been told by another individual constituted inadmissible hearsay.  *Id.*

In his petition Timmons merely points out that he was not permitted to cross-examine the victim and that "the Record shows that the evidence from the State's witnesses was confusing and not persuasive."  Doc. [1] at 11-12.  He fails to explain how the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on

4

an unreasonable determination of facts in light of the evidence presented at trial.  Furthermore, Timmons has not demonstrated that the state court's evidentiary ruling was so extreme that it constituted a denial of fundamental fairness.

### (2) Confrontation Clause

On a related topic, Timmons argues that the trial court's evidentiary ruling violated his rights under the Confrontation Clause.  Doc. [1] at 11-12.  In essence he argues that the limitations placed on his ability to cross-examine the victim about prior statements prevented him from exercising his right to confront his accuser.  *Id.*

The Mississippi Court of Appeals considered Timmons' Confrontation Clause claim and found it to be procedurally barred.  *Timmons*, 44 So.3d at 1026.  As the Court of Appeals explained, although Timmons' attorney argued that he was entitled to cross-examine the victim about relevant "false allegations", he did not make a specific Sixth Amendment Confrontation Clause objection as to the trial court's limitation on his ability to cross-examine.  *Id.*

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment."  *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).  State procedural bars are independent and adequate when the state has strictly or regularly applied them to the vast majority of similar cases.  *Id.*  The Fifth Circuit has held that Mississippi's contemporaneous objection rule is an independent and adequate state procedural bar.  *See Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999); *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992).  Petitioner bears the burden of showing that the state does not strictly or regularly follow the procedural bar.  *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir.

5

2002).  Timmons has made no such showing in this case.

The rule regarding state procedural bars is subject to certain narrow exceptions.  Federal courts will not consider claims on habeas review that were denied by a state court due to an "independent and adequate" state procedural rule unless a petitioner demonstrates cause and actual prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  Absent proof of cause and actual prejudice, federal habeas review is only available if a petitioner proves his innocence of the crime of conviction and thereby shows that a "fundamental miscarriage of justice" occurred.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Even though it found the Confrontation Clause argument to be procedurally barred, the Court of Appeals considered the accuser's potential bias as a basis for allowing cross-examination and noted that "Timmons's counsel engaged in a lengthy and vigorous cross-examination" on the topic of the victim's jealousy.  *Timmons*, 44 So.3d at 1027.  The Court of Appeals further pointed out that the victim "readily admitted during both direct examination and cross-examination that she was jealous of Timmons's relationships with other young girls.  Thus, any jealousy-related bias was already before the jury."  *Id.*  For the same reasons as those given by the Mississippi Court of Appeals, the undersigned finds that Timmons is unable to demonstrate actual prejudice and thereby is unable to meet the exception to the procedural bar.  Specifically, the accuser admitted to jealousy (as a potential bias), and Timmons' attorney brought out this potential bias on direct and cross-examination.

Moreover, Timmons cannot satisfy the fundamental miscarriage of justice exception to the procedural bar.  The prohibited cross-examination involved a peripheral topic, i.e. whether Timmons had sexual encounters with other teenage girls, and did not deal directly with the issue

6

of Timmons' "actual innocence" of the crime of conviction. *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Nor has he presented new, reliable evidence that was not presented at tiral to show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Even if Timmons' counsel had convinced the jury that his accuser falsely stated to investigators that Timmons might have had sexual encounters with other teenage girls, such evidence does not lead inexorably to the conclusion that Timmons was innocent of having had sex with the accuser herself. As will be discussed below, the State placed into evidence considerable evidence of Timmons' guilt.

### (3) Weight of the Evidence

Timmons claims that his conviction was against the weight of the evidence and that he "is actually and factually innocent of the charges." Doc. [1] at 2. Although he attempted to present this as a sufficiency-of-the-evidence claim, the Court previously found that he had not presented a sufficiency-of-the-evidence claim on direct appeal. *See* doc. [20]. Instead, the Court concluded that Timmons has exhausted a weight-of-the-evidence claim, but the Court left open the question of whether a weight-of-the-evidence claim is a cognizable federal habeas claim. *Id.*

The "weight" of evidence does not present a constitutional claim for federal habeas review. *See Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir.1985) ("[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence ..."). Unlike a sufficiency of the evidence claim, a weight- of-the-evidence claim requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida,* 457 U.S. 31, 37-38 (1982). Disputes regarding the weight of evidence are within the province of the jury, and its assessment cannot be disturbed by this Court as long as some

evidence existed for the jury to draw its conclusions. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Accordingly, the undersigned concludes that Timmons' weight-of-the-evidence claim is not properly before the Court.

Even if the undersigned were to consider Timmons' weight-of-the-evidence claim, or alternatively to consider it as a sufficiency-of-the-evidence claim, it is without merit. The Court of Appeals explored the claim in great detail and discussed why the weight of evidence supported a conviction. *Timmons*, 44 So.3d at 1027-28. Timmons utterly fails to explain how the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the state court's decision was based on an unreasonable determination of facts in light of the evidence presented at trial. At trial the alleged victim of Timmons' crime testified in detail about her encounter with Timmons and stated that Timmons performed sexual intercourse with her when she was 14 years old. Doc. [19-3] at 23-27. The victims' mother also testified that Timmons admitted to having sex with the victim. Doc. [19-2] at 124-25. Based on the testimony presented at trial, the undersigned concludes that there is no merit to Timmons' argument regarding either the weight or sufficiency of the evidence.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Timmons' 28 U.S.C. § 2254 petition for writ of habeas corpus be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 16th day of May, 2014.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE