IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD RAY TIMMONS**                                                                       **PETITIONER**

**V.**                                                      **CIVIL NO.: 3:13CV949-HSO-RHW**

**CHRISTOPHER EPPS,** *et al.*                                       **RESPONDENTS**

### ORDER OVERRULING OBJECTIONS AND ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION

BEFORE THE COURT are Petitioner Richard Ray Timmons' Objections [27] to the Proposed Findings of Fact and Recommendation [23] of Magistrate Judge Robert H. Walker. After consideration of the Proposed Findings of Fact and Recommendation, the Objections and Response, the record, and relevant legal authority, the Court finds that Petitioner's Objections [27] should be overruled and that the Proposed Findings of Fact and Recommendation [23] of the Magistrate Judge should be adopted as the findings of this Court, along with the additional findings made herein. Richard Ray Timmons' 28 U.S.C. §2254 Petition [1] for Writ of Habeas Corpus should be denied and this case should be dismissed with prejudice.

### I. BACKGROUND

On February 1, 2008, Petitioner was convicted of one count of statutory rape in the Circuit Court of Lauderdale County, Mississippi. Petitioner was sentenced to a 20-year prison term, with 10 years suspended and 5 years post-release supervision. On direct appeal, the Mississippi Court of Appeals affirmed the

conviction and sentence, and the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. *Timmons v. State*, 44 So. 3d 1021 (Miss. Ct. App. 2010); *Timmons v. State*, 49 So. 3d 106 (Miss. 2010).

On December 27, 2011, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, but had not yet filed a petition for post-conviction collateral relief in state court. Habeas Corpus Petition [1] at p. 2. Respondents filed a Motion to Dismiss [4] for Petitioner's failure to exhaust his remedies in state court. This Court granted in part and denied in part, and dismissed Petitioner's unexhausted claims and allowed Petitioner to proceed on his claims that were exhausted on direct appeal before the Mississippi Court of Appeals. The claims that the Court found to be properly exhausted included (1) whether the trial judge erred in sustaining the State's objection to the relevancy of certain cross-examination; (2) whether the trial judge's ruling constituted a violation of the Confrontation Clause; and (3) whether the verdict was against the overwhelming weight of the evidence.

Respondents filed a second Motion to Dismiss based on the argument that the weight-of-the-evidence claim was not proper for federal habeas review. Petitioner responded that his argument on direct appeal constituted a sufficiency-of-the-evidence claim, not a weight-of-the-evidence claim. The Court denied Respondent's Motion without prejudice, holding that Petitioner's direct appeal challenged only the weight of the evidence, and while the weight-of-the-evidence claim had been exhausted, it was unclear whether a weight-of-the-evidence claim is

cognizable on federal habeas review.

On May 16, 2014, Magistrate Judge Robert H. Walker entered a Proposed Findings of Fact and Recommendation [23]. The Magistrate Judge recommended that Petitioner's 28 U.S.C. § 2254 Petition for a writ of habeas corpus be denied. The Magistrate first concluded that the trial court's limitation of Petitioner's cross-examination of the victim of the crime did not amount to a denial of fundamental fairness, was not contrary to clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented at trial. Second, the Magistrate found that review of Petitioner's Confrontation Clause claim was barred because the Petitioner failed to meet an independent and adequate state procedural requirement, and Petitioner failed to show actual prejudice and cause or that a fundamental miscarriage of justice had occurred. Finally, the Magistrate held that Petitioner's weight-of-the-evidence argument did not present a constitutional claim subject to federal habeas review.

## II. DISCUSSION

A.   Standard of Review

Where an objection is made to a magistrate's report and recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The party filing the objections must "specifically identify those findings objected to," and the court need not conduct a *de novo* review of "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421

(5th Cir. 1987). Where the party fails to file a specific objection, the Court need only review the recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A federal court's authority to grant habeas corpus relief to a person held in custody pursuant to a state judgment is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat 1214 (1996). 28 U.S.C. § 2254; *Dorsey v. Stephens*, 720 F.3d 309, 314 (5th Cir. 2013). 28 U.S.C. § 2254(d) provides that to the extent a prisoner's claim was adjudicated on the merits in state court, a federal court may not grant habeas corpus relief unless the state court's adjudication of the claim

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Dorsey*, 720 F.3d at 314 (citing 28 U.S.C. § 2254(d)(1)-(2)).

A state court decision is contrary to federal law if it applies a rule that contradicts governing law set forth in Supreme Court precedent, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an unreasonable application of federal law if despite correctly identifying the governing federal rule, it applies the rule unreasonably to the facts of the case. *Id.* at 407-08.

B.  Petitioner's Objections

1.  Weight-of-the-Evidence

Petitioner argues that the weight-of-the-evidence claim exhausted in the Mississippi Court of Appeals was in fact a sufficiency-of-the-evidence claim. The Court has previously addressed this contention and held that Petitioner's argument before the Mississippi Court of Appeals constituted a weight-of-the-evidence claim, rather than a sufficiency-of-the-evidence claim. Order [20] at p. 1.

Petitioner has made no specific objection to the Magistrate's conclusion that the weight-of-the-evidence claim is not properly before the Court because it is not a cognizable federal habeas claim. Petitioner only seems to dispute the Magistrate's citation of the rule that decisions regarding the weight of the evidence are within the province of the jury. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Petitioner contends that "the rule remains '[w]hether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Pet'r's Objections [27] at p. 7 (citing *Alexander v. McCotter*, 775 F.2d 595, 597-98 (5th Cir. 1985)). While Petitioner's statement of the law is correct, it is the rule of law that applies to sufficiency-of-the-evidence claims, not weight-of-the-evidence claims. *Weeks*, 55 F.3d at 1062. As the Court has already noted, the sufficiency-of-the-evidence claim has not been properly exhausted in state court and cannot be considered by this Court on a habeas petition. Therefore, any standard pertaining to a sufficiency-of-the-evidence claim is irrelevant to the Court's analysis. The Court

finds that the Magistrate's conclusion as to the weight-of-the-evidence claim is clearly not erroneous or contrary to law.

    2.    <u>Limitation of Cross-Examination</u>

Petitioner does not appear to object to the Magistrate's conclusion that the limitation of Petitioner's cross-examination of the victim witness did not amount to a denial of fundamental fairness. To the extent that Petitioner takes such a position, the Court concludes that Petitioner has not satisfied his burden to show that the state court ruling rendered Petitioner's trial fundamentally unfair. "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999). "The failure to admit evidence amounts to a due process violation only when the omitted evidence is a crucial, critical, highly significant factor in the context of the entire trial." *Id.* at 821. Although Petitioner was not permitted to cross-examine the victim on past statements she made to investigators about Petitioner's sexual encounters with other teenagers, no fundamental unfairness resulted because the evidence that potentially could have been received was not a "crucial, critical, highly significant factor in the context of the entire trial." *Id.* As the Mississippi Court of Appeals noted, Petitioner's counsel "engaged in a lengthy and vigorous cross-examination" of the victim on the topic of her jealousy of the Petitioner's relationships with other teenage girls. Thus, the limitation of the cross-examination did not render the trial fundamentally unfair and violate Petitioner's due process rights so as to present a

cognizable habeas claim.

    3.    <u>Confrontation Clause</u>

Petitioner objects to the Magistrate's conclusion that there was an independent and adequate state procedural rule supporting the state court's decision on the Confrontation Clause issue, such that federal habeas relief is barred. The Mississippi Court of Appeals decided the Confrontation Clause claim was procedurally barred because Petitioner failed to raise a Sixth Amendment objection to the limitation of cross-examination during trial. Petitioner claims that the Mississippi Court of Appeals decided the Confrontation Clause issue on its merits, and that the Court's determination that the claim was procedurally barred "was essentially just a comment." Pet'r's Objections [27] at p. 8.

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The Fifth Circuit has held that Mississippi's contemporaneous objection rule is an independent and adequate state procedural bar. *Johnson,* 176 F.3d at 824. Petitioner bears the burden of proof to show that the state does not strictly or regularly follow the procedural bar, and Petitioner has not attempted to carry this burden. *Williams v. Puckett*, 283 F.3d 272, 280 (5th Cir. 2002).

However, if the decision of the state court appears to rest primarily on federal law or to be interwoven with federal law, a procedural default only bars

consideration of a federal claim on habeas review if the state court rendering the judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). Based on this Court's reading of the state court's judgment, it does not appear that the state court rested its opinion primarily on federal law, despite Petitioner's contention that it considered the Confrontation Clause claim on the merits. The Mississippi Court of Appeals explicitly stated that Petitioner's "Confrontation Clause argument is procedurally barred." *Timmons v. State*, 44 So. 3d 1021, 1026 (Miss. Ct. App. 2010).

Having concluded that Petitioner's Confrontation Clause claim is procedurally defaulted, the Court will consider whether any exceptions apply that would permit the Court to consider Petitioner's claim on the merits. A federal court may still consider a federal law claim that was procedurally barred in state court if a petitioner demonstrates (1) cause for his state-court default of the federal claim and (2) actual prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001). Petitioner has not shown cause for his failure to raise a Sixth Amendment objection to the trial court's limitation of his cross examination of the victim witness during trial. Additionally, Petitioner has failed to show how he was prejudiced by an alleged violation of the Confrontation Clause. As the Court has previously stated, Petitioner's counsel cross-examined the victim witness on any potential bias.

    4.    <u>Petitioner's Factual Innocence</u>

In his objections to the Magistrate's findings of fact and recommendation, Petitioner claims that he is factually innocent of the crime charged. To the extent that Petitioner is asserting factual innocence as a freestanding claim, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Therefore, the Court need not address Petitioner's claim of factual innocence as a freestanding claim.

To the extent that Petitioner is asserting his factual innocence as a means to have his procedurally barred Confrontation Clause claim considered, "a claim of actual innocence is a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. In order to have his procedurally barred Confrontation Clause claim considered, Petitioner must demonstrate "that failure to consider his claims will result in a fundamental miscarriage of justice." *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). This miscarriage of justice exception only applies "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Id*. To support a claim of actual innocence, Petitioner must present the court with new, reliable evidence not previously presented at trial and must show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Examples of

new, reliable evidence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *Id.*

In support of his claim of actual innocence, Plaintiff has presented the Court with three affidavits signed by Petitioner, Jamie Lewis, and Libby Morehead.[1] Petitioner's affidavit recounts his version of events from late July to early August 2006. Aff. of Richard Ray Timmons [27-1]. The affidavit of Jamie Lewis, a long-time friend of Petitioner, describes his encounters with Petitioner around these dates, which included providing a ride to Petitioner the night of "the casino trip," taking a job-related trip to the "coast" with Petitioner, and knowing about Petitioner's conversation with the victim's mother. Aff. of Jamie Lewis [27-2]. Libby Morehead's affidavit states that she has known Petitioner her entire life and he never touched her in an inappropriate way, despite the claims from the victim's family. Aff. of Libby Morehead [27-3].

The Court finds that the affidavits provided by Petitioner fail to support his claim of actual innocence. First, the affidavits do not constitute new evidence, as the testimony contained within them was within the reach of Petitioner's personal knowledge or reasonable investigation. *See Moore v. Quarterman*, 524 F.3d 454, 465

---

[1] Petitioner claims to have submitted four affidavits, but appears to have mistakenly attached the third affidavit twice. Respondents made note of this error in their Response [28] to Petitioner's Objections filed on July 17, 2014, but Petitioner has made no effort to substitute the duplicate affidavit with the one Petitioner claimed he intended to file.

(5th Cir. 2008). Second, the affidavits do not establish that it is more likely than not that no reasonable juror would have convicted Petitioner had they been presented with this evidence. Petitioner has not carried his burden of establishing that it would be a fundamental miscarriage of justice to fail to consider his Confrontation Clause claim.

### III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that the Petitioner's 28 U.S.C. § 2254 Petition for writ of habeas corpus be denied, and finds that Petitioner's Objections should be overruled.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Petitioner's Objections [27] are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the Proposed Findings of Fact and Recommendations [23] of Judge Robert H. Walker are adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] filed by Petitioner Richard Ray Timmons is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 26th day of November, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE